Dear Mr. Kirkpatrick:
This is in response to your request for an opinion as follows:
 In the verification of a signature on an initiative petition page, shall the signature be counted as a valid signature if at the time of verification the address of the signator is different than the address shown on the petition?
In addition, you inform us that:
 670 signatures on petition pages submitted in Greene County by the sponsoring committee (Yes, to Stop Callaway Committee) were not counted as valid signatures by the Greene County Clerk, because the signatures on the petition pages containing the address of the signator was different from the address shown on the voter registration records at the time of verification. Further, the Greene County Clerk has certified to this office that these persons would not be counted as valid signatures in Greene County.[1]
Article III, Section 50, Missouri Constitution (1945), provides in pertinent part:
 Initiative petitions proposing amendments to the constitution shall be signed by eight percent of the legal voters in each of two-thirds of the congressional districts in the state, and petitions proposing laws shall be signed by five percent of such persons. . . . (Emphasis added.)
Section 116.060, RSMo Supp. 1983,[2] provides:
 Any registered voter of the state of Missouri may sign initiative and referendum petitions. However, each page of an initiative or referendum petition shall contain signatures of voters from only one county. . . . (Emphasis added.)
Section 1.035, RSMo 1978, states: "Whenever the word `voter' is used in the laws of this state it shall mean registered voter, or legal voter." See also, Scott v. Kirkpatrick, 513 S.W.2d 442
(Mo. banc 1974).
Section 115.165.4 states:
 Any registered voter who changes his place of residence within a jurisdiction at or before 5:00 p.m. on the fourth Wednesday prior to an election and does not transfer his registration at or before 5:00 p.m. on the fourth Wednesday prior to the election shall not be entitled to vote in the election.[3]
In essence, you seek our opinion as to whether the phrase "registered voter" as found in Chapter 116 and "legal voter" as found in Article III, Section 50, include persons who are not presently eligible to cast votes in an election pursuant to Section115.165.4. For the reasons hereinafter stated, it is our opinion that persons who are not eligible to cast votes are not "registered voters" for purposes of Section 116.060 nor are they "legal voters" for purposes of Article III, Section 50.
In Scott v. Kirkpatrick, supra, our Supreme Court determined that the phrase "legal voter" as used in Article III, Section 50, is essentially synonymous with the phrase "registered voter". In so holding, the court stated:
 [U]nless a person is registered he is not at any time legally entitled to vote.
* * *
 It follows from this that the signature of a person otherwise qualified, but not registered, to vote is not acceptable on an initiative petition proposing an amendment to the constitution, because he is not at the time legally entitled to vote on the measure it proposes. (Emphasis added.) Id. at 445.
See also, Section 1.035; United Labor Committee of Missouri v.Kirkpatrick, 572 S.W.2d 449, 452 (Mo. banc 1978).
On the same day it decided Scott, the Supreme Court issued its decision in Socialist Workers' Party of Missouri v. Kirkpatrick,513 S.W.2d 346 (Mo. banc 1974). There, the Court determined that the phrase "qualified voter" was synonymous with the phrase "registered voter". The court stated, quoting with approval 29 C.J.S. Elections, Section 1(8), 23, stated:
 A "qualified voter" is one having the constitutional qualifications for the privilege, who is duly registered pursuant to law, and has the present right to vote at the election being held. (Emphasis added.]
In State ex rel. Hay v. Flynn, 147 S.W.2d 210, 211 (Mo.App. 1941), the Court stated:
 The primary purpose of registration laws is to prevent fraudulent abuse of the franchise, by providing in advance of elections an authentic list of qualified voters. [Emphasis added].
Reading Scott, Socialist Workers' Party, United Labor Committeeof Missouri and Flynn together, we arrive at the conclusion that for purposes of Missouri law, a legal voter is a person who is properly registered to vote and who possesses a present, legal ability to vote.
In the fact situation you pose, 670 persons signed an initiative petition at an address different than that at which they are registered. According to the Greene County Clerk, and pursuant to Section 115.165.4, at the time these persons signed the initiative petition, they were not eligible to cast votes in Greene County.See, Scott v. Kirkpatrick, supra at 445. Therefore, such persons are neither registered voters for purposes of Section 116.060 nor legal voters for purposes of Article III, Section 50.
This conclusion is consistent with appellate decisions of other states which have determined the meaning of the phrase "legal voter". In Opinion of the Justices, 230 N.E.2d 801, 806 (Mass. 1967), the Supreme Judicial Court of Massachusetts noted that the phrase "legal voter" describes voters who:
 [P]ossess the qualifications prescribed by the constitution for voters and who have complied with the statutory requirements so that they may lawfully cast votes at an election.
Id. at 806. See also, Opinion of the Justices, 143 N.E. 142, 144
(Mass. 1924). Similarly, the phrase "registered voter", has been defined, in Citizens for Charter Change in Essex County v. Caputo,376 A.2d 1248 N.J. App. 1977, as a person who is presently qualified to vote.
CONCLUSION
It is the opinion of this office that persons who sign an initiative petition showing an address different than that at which they were formerly registered are not "legal voters" for purposes of Article III, Section 50, Missouri Constitution (1945), nor are they "registered voters" for purposes Section 116.060, RSMo Supp. 1983.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] We note that the instructions given local election authorities by the Secretary of State provide as follows:
 If a person is found to be registered, and at the address shown on the petition, place a RED "R" in the left margin next to the signature. [Emphasis in original].
[2] Unless otherwise noted, all statutory references are to RSMo. Supp. 1983.
[3] We are aware of the provisions of Section 115.165 which creates an exception for registered voters who change their place of residence within a jurisdiction after 5:00 p.m. on the fourth Wednesday prior to an election by allowing such voters to complete an application for transfer at the polling place of their previous address on election day. We are also cognizant of the provisions of Section 115.277.4 which provide that registered voters who move from one jurisdiction in the state to another jurisdiction in the state after the close of registration in their new place of residence may cast an absentee ballot for certain elected officials and "statewide questions, propositions and amendments" without being registered in their new jurisdiction of residence. However, under the fact situation you have outlined, these statutory exceptions are not applicable.