YES TO STOP CALLAWAY COMMIT-
TEE, An Unincorporated Association,
and David Harris, an Individual, Plain-
tiffs-Appellants,

v.

James C. KIRKPATRICK, Secretary of
State of Missouri,
Defendant-Respondent,

and

Union Electric Company, a Corporation,
and James T. Friel, an Individual, In-
tervenors-Respondents-Cross-Appel-
lants.

No. 36299.

Missouri Court of Appeals,
Western District.

Oct. 5, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 18, 1984.

Application to Transfer Denied
Oct. 25, 1984.

Danieal H. Miller, Columbia, for plaintiffs-
appellants.

John Ashcroft, Atty. Gen., Edward D.
Robertson, Jr., Deputy Atty. Gen., Jeffer-
son City, for defendant-respondent.

Francis X. Duda and Ann E. Buckley, St.
Louis, Schlafly, Griesdieck, Ferrell &

Toft, St. Louis, for intervenors-respondents-cross-appellants.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

Yes to Stop Callaway Committee, an unincorporated association, and David Harris, a Committee member, appealed the circuit court judgment which had affirmed the Secretary of State's decision to not place an initiative petition on the ballot at the November 6, 1984, election.

The Committee presented a petition to the Secretary of State to have placed on the ballot a proposed law which would prohibit the operation of nuclear power plants in Missouri. The Secretary of State denominated the proposal as Proposition A, and certified that the petition lacked 331 signatures from Greene County to attain the required number of signatures to place Proposition A on the ballot.

At the outset, this court is confronted with a question of its jurisdiction. The Committee originally appealed to the Missouri Supreme Court, but that court transferred the case to this court because jurisdiction was vested here.

Section 116.200.3, RSMo Supp.1983, provides that actions brought in the circuit court of Cole County concerning initiative and referendum petitions may be appealed to the supreme court. That section can be traced to Laws of 1909, at 556 in which it was first provided that such appeals could be taken to the supreme court. Subsequent enactments of that statute resulted in the present Section 116.200, which simply carried over the provision allowing an appeal to the supreme court.

Article V, Section 3 of the Missouri Constitution, as amended on November 2, 1982, provides that in civil cases the supreme court shall have exclusive jurisdiction only in cases involving the validity of a treaty or statute of the United States, of a statute or provision of the constitution of this state, the construction of the revenue laws of this state, and the title to any state office. Article V, Section 3 of the 1945 Constitution provided for enlarging the supreme court's jurisdiction by law. However, the August 3, 1976, amendment of Article V, Section 3 dropped that provision. Since that time, the constitution has not allowed the supreme court's jurisdiction to be enlarged or changed by law. Section 116.200.3 is simply a carryover from previous law, and the legislature has inadvertently failed to change the section to reflect the supreme court's present constitutional jurisdiction. The supreme court, by transferring the appeal to this court, clearly held that section is not controlling on the jurisdiction of this appeal. The November 2, 1982, amendment gave the court of appeals general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court. This case does not present any matter encompassed within the supreme court's exclusive jurisdiction, thus, jurisdiction over this appeal is properly in this court.

The question presented in this case is whether the Secretary of State correctly refused to count 822 signatures of persons in Greene County, located in the 7th Congressional District, because the addresses they listed on the initiative petition differed from the addresses on their registration records. The precise question is thus whether or not the Secretary of State can count a person's signature on an initiative petition when that person is registered to vote at one address, but lists a different address on the petition.

Article III, Section 50 of the constitution provides that an initiative petition shall be signed by the legal voters in the state. Section 116.060, RSMo Supp.1983, provides that any registered voter of the state may sign an initiative petition. In *Scott v. Kirkpatrick*, 513 S.W.2d 442 (Mo. banc 1974), the court construed the term "legal voter" as used in Article III, Section 50 and the term "qualified voter" as used in section 126.011(2), RSMo Supp.1971. The court concluded that the two terms meant registered voters. The court stated at 444–45:

It follows from this that the signature of a person otherwise qualified, but not registered, to vote is not acceptable on an initiative petition proposing an amendment to the constitution, because he is not at the time legally entitled to vote on the measure it proposes. Accordingly, we hold that the signers of an initiative petition are required to be registered voters.

The Committee contends that a person is a registered voter once his name is placed on the registration records of the election authority, and the fact that he moves and does not transfer his registration has no effect on his standing to sign an initiative petition.

By section 116.060, RSMo Supp.1983, the legislature adopted the holding in *Scott* and provided that any registered voter may sign an initiative petition. Section 115.139, RSMo 1978, prohibits any person who is not registered from voting, with two exceptions not material here. Sections 115.155 and 115.159, RSMo 1978, require a person to list his home address on his registration application.

Section 115.165, RSMo Supp.1983, provides that any registered voter who changes his place of residence within the same jurisdiction of an election authority may transfer his registration. Section 115.165.4, RSMo Supp.1983, provides that any registered voter who changes his place of residence within a jurisdiction before 5:00 p.m. on the fourth Wednesday prior to an election, and does not transfer his registration by that time shall not be entitled to vote in that election. Such a person is thus in the same posture as an unregistered person.

■ Section 116.130.1, RSMo Supp.1983, permits the Secretary of State to send copies of the petition pages to election authorities to verify that the persons whose names are listed as signers are registered voters. That section further provides that only the signatures of persons registered as voters in the county shall be counted as valid. It necessarily follows that the only signatures which may be counted are those of persons who give addresses corresponding to that shown on their registration records.

■ It is clear that a person is not eligible to vote in an election when he has registered at one address but has since changed his residence prior to the fourth Wednesday before the election, unless he transfers his registration within the time set by law. Thus, such a person who has changed his residence but who has not changed his registration is not registered to vote until his registration has been transferred.

The essence of *Scott* is that a person must be legally entitled to vote on the measure proposed by the initiative petition on the day that he signs it. Judge Seiler emphasized this point in his dissent. *Scott*, 513 S.W.2d at 446, n. 1. Judge Seiler pointed out the majority reasoned that in order to sign an initiative petition, the person must be legally entitled to vote on the measure at the time the petition is presented to him. *Id.*

The persons who signed the initiative petition in this case but listed an address different from that shown on their registration record had obviously not transferred their registration and were thus not eligible to vote on the day they signed the petition. The petition does not show the date these persons actually signed, but the Greene County Clerk examined the petition on August 16, 1984. This was before the fourth Wednesday prior to the election to be held on November 6, 1984. These persons were clearly not eligible to vote when they signed the petition, and under the *Scott* rationale were therefore ineligible to have their signatures counted.

The precise situation in this case was present in *Whitman v. Moore*, 59 Ariz. 211, 125 P.2d 445 (1942), *rev'd on other grounds, Renck v. Superior Court of Maricopa County*, 66 Ariz. 320, 187 P.2d 656 (1947); *Brousseau v. Fitzgerald*, 138 Ariz. 453, 675 P.2d 713 (1984). Similar statutes

were in force in Arizona requiring registration and requiring a transfer of registration when a person moved from the address at which he was registered. The court held that a person must be a qualified elector at the date he signs the petition. *Whitman*, 125 P.2d at 452[12, 13]. The court further held that when a person has moved from the place at which he was registered and has not transferred his registration, he has lost the right to vote and thereby was thus not eligible to vote on the petition on the date that he signed it, and his signature would not be counted. *Id.* at 453[15].

■ The Committee contends that the failure to count the signatures of those who were registered but had moved without transferring their registration created an unconstitutional classification. The Committee does not challenge any specific law and indeed no law creates a classification of voters. Since the Committee does not attack any specific law, there is no constitutional challenge to consider. The Committee, in reality, bases its argument on the fact that in St. Louis County, the election authorities counted the signatures of persons who had failed to transfer their registration. Simply because the St. Louis County authorities counted signatures which they should not have does not give rise to an unconstitutional classification. This counting error simply inured to the Committee's benefit, and supplies it no grounds for complaint.

The trial court properly held that the petition lacked the required number of signatures and the Secretary of State properly refused to place Proposition A on the ballot.

Union Electric Company and James T. Friel, had filed a cross-appeal in order to insure that they would obtain the fullest review possible. Because of the disposition of this case, that cross-appeal is dismissed.

The judgment is affirmed.

All concur.