SECOND DEPARTMENT, MARCH, 1965 ■

(March 3, 1965)

■ In the Matter of LANDON ZUCKERMAN and SAM HABER, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— This is a proceeding to discipline respondents, attorneys, based on nine charges or specifications of professional misconduct (Nos. 5-A to 5-I) arising out of the recent judicial inquiry into unethical practices of attorneys in Nassau County. The Special Referee to whom the issues were referred has held extensive hearings and has filed his report. The Referee found that one of the charges (5-A) was sustained insofar as the respondent Zuckerman was concerned, but recommended its dismissal as to the respondent Haber. As to both respondents, the Referee found that three of the other charges (5-B, 5-F and 5-H) were sustained by the proof. The Referee recommended dismissal of the remaining five charges (5-C, 5-D, 5-E, 5-G and 5-I). He recommended the respondent Zuckerman's disbarment on charges 5-A, 5-B, 5-F and 5-H, and the suspension of the respondent Haber from the practice of law for a period of two years with respect to charges 5-B, 5-F and 5-H. Petitioner now moves: (1) to confirm the Referee's report with respect to the Referee's findings as to charges 5-A, 5-B, 5-D, 5-F and 5-H; and (2) to disaffirm the report only insofar as the Referee found three of the charges (5-C, 5-E and 5-I) not to be sustained, and insofar as he recommended their dismissal. Apparently, petitioner is content to rest on the Referee's recommendation of dismissal of charge 5-A insofar as the respondent Haber is concerned, and on the Referee's recommendation of dismissal of charges 5-D and 5-G. The respondents have each made a cross motion to affirm in part and to disaffirm in part the Referee's findings, and to dismiss the petition. The charges which the Referee sustained are: (1) that respondent Zuckerman deliberately refused to co-operate with the court in its efforts to expose unethical practices and to determine whether he had committed any acts of professional misconduct which destroyed the character and fitness required of him as a condition to his retention of the privilege of remaining a member of the Bar (5-A); (2) that both respondents submitted misleading, exaggerated and false medical bills and statements covering lost time and earnings for the purpose of inducing various insurance companies to part with money in reliance thereon (5-B); (3) that both respondents have "built up medical bills, for submission to Insurance Companies by referring claimants to a succession of doctors," etc. (5-F); (4) that both respondents, improperly and in violation of the Canons of Ethics, used investigators to obtain signed retainers, to obtain adversaries' statements from parties represented by attorneys, and to obtain the claimants' signatures on blank forms for the appointment of guardians ad litem (5-H). In our opinion, charge or specification 5-A is amply sustained by the proof insofar as respondent Zuckerman is concerned. We are also of the opinion that as to both respondents the three charges or specifications 5-B, 5-F and 5-H are amply sustained by the proof. We approve the Referee's findings that charges 5-C, 5-D, 5-E, 5-G and 5-I have not been sustained by the proof. Charge 5-C is that respondents made gifts of United States Government bonds and cash to referrers of cases; charge 5-D is that the respondents made payments to others than attorneys in effecting the settlement of negligence cases; charge 5-E is that respondents failed fully and properly to name referrers in statements of retainer; charge 5-G is that the respondents settled infants' claims without court orders; and charge 5-I is that the respondents stirred up

litigation by having insurance brokers, doctors, automobile repairmen, police officers, bond recipients and others solicit and refer claims to the respondents' law firm of Zuckerman and Haber. Accordingly, that part of petitioner's motion to affirm the Referee's findings as to the four charges: 5-A, 5-B, 5-F and 5-H is granted; and that part of the petitioner's motion to disaffirm the Referee's findings as to charges 5-C, 5-E and 5-I is denied. The respondent Zuckerman is found guilty of charges 5-A, 5-B, 5-F and 5-H; and, based upon such guilt, the said respondent is disbarred and his name directed to be struck from the roll of attorneys, effective 30 days after entry of the order hereon. The respondent Haber is found guilty of charges 5-B, 5-F and 5-H, and, based upon such guilt, he is suspended from the practice of law for a period of five years, commencing 30 days after entry of the order hereon. The respondents' cross motions insofar as they seek a dismissal of the petition are denied; and respondents' cross motions insofar as they seek to affirm in part and to disaffirm in part the Referee's findings are dismissed as unnecessary in view of the disposition made upon the petitioner's motion. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.