**Landon ZUCKERMAN and Sam Haber, Plaintiffs-Appellants,**

v.

**APPELLATE DIVISION, SECOND DEPARTMENT, SUPREME COURT OF the STATE OF NEW YORK, Defendant-Appellee.**

**Nos. 37, 38, Dockets 33385, 33386.**

United States Court of Appeals Second Circuit.

Argued Sept. 17, 1969.

Decided Jan. 29, 1970.

Landon Zuckerman, Woodbury, N. Y. (Sam Haber, Glen Cove, N. Y., on the brief), pro se.

Joel Lewittees, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendant-appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York dismissing the complaint in an action in which jurisdiction was based upon 42 U.S.C. § 1983 (1964) and appellants alleged deprivation of constitutional rights and sought designation of a three judge court under 28 U.S.C. § 2281 (1964) to consider the constitutionality of Section 90 of the New York Judiciary Law (McKinney 1958). We affirm the action of the District Court.

On March 3, 1965, the Appellate Division, following an investigation into appellants' negligence law practice, disbarred Landon Zuckerman and suspend-

---

4. The problems rising from a divorce of the parties or death of the husband are not before us.

ed Sam Haber from the practice of law for five years. (In the Matter of Zuckerman and Haber, 23 A.D.2d 825, 259 N.Y.S.2d 963 (2d Dep't), motions for leave to appeal denied, 16 N.Y.2d 483 (1965).) Thereafter, on February 13, 1967, the United States Supreme Court granted appellants' petition for a writ of certiorari, vacated the Appellate Division's order and remanded the case for "reconsideration in light of Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, [17 L. Ed.2d 574] (1967)." Zuckerman, et al. v. Greason, 386 U.S. 15, 87 S.Ct. 847, 17 L.Ed.2d 696 (1967). Without further notice to appellants, the Appellate Division, on March 20, 1967, dismissed one of the charges against Zuckerman on the authority of Spevack v. Klein, *supra*, and reduced his penalty to a five-year suspension. All other charges were sustained. (27 A.D.2d 848, 280 N.Y.S.2d 904 (2d Dep't 1967).) The New York Court of Appeals reversed, on the ground that appellants were denied due process in not being afforded an opportunity to be heard following the Supreme Court remand. (19 N.Y.2d 977, 978, 281 N.Y.S.2d 523, 228 N.E.2d 693 (1967).) On July 10, 1967, the Appellate Division, after affording appellants a hearing, suspended Haber and Zuckerman from the practice of law for five years. (28 A.D.2d 907, 282 N.Y.S.2d 951 (2d Dep't 1967).) This order was affirmed by the New York Court of Appeals (20 N.Y.2d 430, 285 N.Y.S.2d 1, 231 N.E.2d 718 (1967)) and certiorari

was denied by the United States Supreme Court (Zuckerman, et al. v. Greason, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed. 2d 985 (1968)).

The appellants then brought this action (which they denominate a class action) asking for a judgment annulling the action taken against them by the defendant and declaring appellants "duly licensed to practice law in the State of New York."

For a number of reasons there are grave doubts as to the jurisdiction of this court to proceed in such a case under § 1983. See, e. g., Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L. Ed.2d 1342 (1957). However it is unnecessary for us to go into these problems since it is quite clear that the Appellate Division is not a "person" within the meaning of 42 U.S.C. § 1983. In Monroe v. Pape, 365 U.S. 167 (1961), at 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492, it was held that a municipal corporation was not a "person" within the intended meaning of that word in section 1983. Since a municipal corporation is but a political subdivision of a state, it has been held that the state itself is also not subject to suit under section 1983. Williford v. California, 352 F.2d 474, 476 (9th Cir. 1965).[1] It follows that the Appellate Division, as a part of the judicial arm of the State of New York, must also not be a "person" within the purview of the section of the Civil Rights Act.[2]

Affirmed.

---

1. In Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) it was held that a bar association is an agency of the state and therefore not a "person" within the meaning of Section 1983.

2. In addition it has been held that 42 U.S.C. § 1983 does not affect the established common law rule that a judge is immune from a suit arising out of the exercise of his judicial powers. See Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Jobson v. Henne, 355 F.2d 129, 133 (2d Cir. 1966); Serrano v. California, 361 F.2d 474 (9th Cir. 1966) (per curiam).