Donald **WALLACE** et al., etc.,
Plaintiffs,

v.

Miles F. **McDONALD** et al., etc.,
Defendants.

No. 72–C–898.

United States District Court,
E. D. New York.

Feb. 27, 1973.

Daniel Alterman, Stephen M. Latimer, James Reif, Robert L. Boehm, William M. Kunstler, David Scribner, New York City, Alvin J. Bronstein, Washington, D. C., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., of N. Y., by Samuel A. Hirshowitz, First Asst. Atty. Gen., and Irving Galt, Joel Lewittes, Hillel Hoffman, Asst. Attys. Gen., Norman Redlich, Corp. Counsel, City of N. Y., by Victor P. Muskin, Asst. Corp. Counsel, New York City, for defendants.

JUDD, District Judge.

## MEMORANDUM AND ORDER

In this civil rights action by state detainees, the court reserved decision on plaintiffs' motion to declare it a class action and defendants' motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim. F.R.Civ.P. 12(b). Defendants' motion was directed to the first amended complaint, but has been treated as applicable also to the second amended complaint, which is similar in nature.

The action was instituted by indigent state detainees, arrested or indicted for felonies and incarcerated in the Brooklyn House of Detention for Men, an institution of the New York City Department of Correction, on behalf of all those who are or will be so incarcerated. The defendants include substantially all the Supreme Court Justices in Kings County and the Administrative Judge, the District Attorney, the Commissioner of Correction, the Chief Probation Officer, the Chief Clerk of the Supreme Court, and the Chief Clerk of the Criminal Term of the Supreme Court. The allegations of the complaint

are set up as eight separate causes of action and assert:

1. That the Legal Aid Society is assigned to represent indigents in approximately 90 percent of the cases, with the result that it has such a staggering caseload that it cannot adequately investigate, prepare, or try the cases, listing 17 particulars in which assigned counsel have failed to give effective assistance.

2. That the constitutional right to a speedy trial is denied by delays in presenting cases to the grand jury, bringing cases to trial, and preparing presentence reports which take from three to four months to complete.

3. That bail is denied where no imposition of money conditions is reasonably necessary.

4. That lengthy pretrial incarceration causes unnecessary loss of employment, financial hardship, and anguish to inmates and their familes.

5. That the right of access to the courts is hampered by the refusal to consider *pro se* motions, which the Clerk sends to the same assigned counsel whose inadequate representation led to the necessity for making *pro se* motions, instead of placing them on the calendar for consideration by a judge.

6. That taking prisoners from jail to courthouse pens without producing them before the judge and failing to produce them in court when ordered creates further delays.

7. That plaintiffs are coerced to plead guilty and lose their constitutional right to a jury trial because of the delays and hardships imposed by the other practices described in the complaint.

8. That there is discrimination against indigent defendants because the practices described result in their being treated more harshly than those who can afford private counsel.

Plaintiffs allege that there have been more than 25,000 felony indictments in Kings County in less than four years, that the class they represent consists of more than 1,000 members and is too numerous to join all potential plaintiffs, that the case involves common questions of law and fact which the named plaintiffs can adequately present, and that the defendants have acted on grounds generally applicable to the class.

### Discussion

The facts stated in the complaint are of a nature which would generally be appropriate to consider in an action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ As stated in this court's Memorandum and Order dated February 15, 1973, directing a hearing on portions of the motion for a preliminary injunction, jurisdiction in civil rights actions extends to any "usage" involving state action which defeats federal rights. Adickes v. S. H. Kress & Co., 398 U.S. 144, 162–170, 90 S.Ct. 1598, 1611–1614, 26 L. Ed.2d 142 (1970). The complaint alleges a number of general practices and usages which affect various rights guaranteed by the United States Constitution.

■ 1. The requirement that counsel be provided for indigent defendants, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), must mean that indigents should be supplied with effective counsel. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Brubaker v. Dickson, 310 F.2d 30, 32 (9th Cir. 1962).

■ 2. The right to a speedy trial, guaranteed by the Sixth Amendment, is a federal right applicable to the states. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

3. Freedom from excessive bail is guaranteed by the Eighth Amendment. Stack v. Boyle, 342 U.S. 1, 72 S. Ct. 1, 96 L.Ed. 3 (1951). The Supreme Court has intimated that the Eighth Amendment bail provision is applicable to the states through the Fourteenth, although it has not been required specifically so to hold. Schilb v. Kuebel, 404 U.S. 357, 365, 92 S.Ct. 479, 484, 30 L. Ed.2d 502 (1972).

4. The fourth cause of action may be no more than an elaboration of the third cause of action, but it is not necessary that each so-called cause of action stand on its own feet. The court may consider all relevant portions of the complaint, hear evidence pro and con, and decide to what extent any allegations have been sustained, and then consider the nature of any appropriate relief.

5. Refusal to consider *pro se* motions, especially when combined with the alleged assignment of ineffective counsel, may be an obstruction of the right of access to the courts. Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 749, 21 L.Ed.2d 718 (1968); White v. Ragen, 324 U.S. 760, 762, n.1, 65 S.Ct. 978, 979, 89 L.Ed. 1348 (1945); Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941).

6. Taking prisoners to the courthouse unnecessarily may not in itself be a violation of any federal rights under the principles of Sostre v. McGinnis, 442 F.2d 178 (1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L. Ed.2d 740; 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972). Likewise, failure to produce defendants in court when ordered may not violate any federal rights, since there is no clear allegation that the defendant justices took any significant steps in any trial without the presence of a defendant. However, where part of the complaint alleges pervasive delays in bringing defendants to trial, the allegation of irregularities in the transportation of inmates to the courthouse should not be considered *in vacuo* and the claim is not dismissible on the face of the complaint.

7. Coerced guilty pleas are invalid. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed. 2d 473 (1962). As the Supreme Court said in United States v. Jackson, 390 U. S. 570, 583, 88 S.Ct. 1209, 1217, 20 L. Ed.2d 138 (1968),

A procedure need not be inherently coercive in order that it be held to impose an impermissible burden upon the assertion of a constitutional right.

Defendants' assertion that inquiry into the alleged coercion of guilty pleas is barred by McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970), is mistaken. *McMann* and the companion cases of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), were concerned with collateral attacks on guilty pleas and resulted in a constriction of the scope of inquiry into a guilty plea. The challenge made by plaintiffs here does not seek to set aside individual guilty pleas but rather asks for prospective relief against a system which is alleged to be inherently coercive. In this respect the claim is similar to that made in United States v. Jackson, *supra*, 390 U.S. 570, 88 S.Ct. 1209, in which the Supreme Court held part of the Federal Kidnapping Act unconstitutional because it permitted imposition of the death penalty only upon a jury's recommendation and thereby made the risk of death the price of trial.

8. The right of indigent criminal defendants to be free of discrimination because of their indigency has been long recognized. Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L. Ed.2d 372 (1972); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

*Defendants' Arguments*

In a civil rights action there is no duty to exhaust state remedies. Wil-

wording v. Swenson, 404 U.S. 249, 92 S. Ct. 407, 30 L.Ed.2d 418 (1972); Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

■ Whether the allegations of the complaint can ultimately be proved is not important for the purpose of defendants' motions. Nor is it necessary to decide at this time whether abstention may ultimately be a proper exercise of discretion. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 500–501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941); Moreno v. Henckel, 431 F.2d 1299, 1307 (5th Cir. 1970); Reid v. Board of Education, 453 F.2d 238 (2d Cir. 1971).

■ The court is aware of the recent decision of the New York Court of Appeals reinforcing the Speedy Trial Rule of C.P.L. § 30.30 McKinney's Consol.Laws c. 11–A. People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men, 31 N.Y.2d 498, 341 N.Y.S. 2d 604, 294 N.E.2d 199, 1973. This decision may relate to the question of abstention concerning all or part of the complaint, or to the merits of some of the issues, but it does not affect the jurisdiction of the subject matter or the sufficiency of the complaint.

■ Nor is it necessary to decide now what relief may ultimately be appropriate, if any. The difficulty in fashioning equitable relief does not affect the sufficiency of the complaint. Littleton v. Berbling, 468 F.2d 389, 415 (7th Cir. 1972).

■ The relief requested here is not barred by the federal anti-injunction statute, 28 U.S.C. § 2283, because suits for deprivations of constitutional rights brought under 42 U.S.C. § 1983 are an expressly authorized exception to that statute. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). However, defendants argue that the court must decline jurisdiction based on principles of federalism and comity enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its companion cases. In Younger, the Supreme Court held that federal courts may not enjoin pending state criminal prosecutions except under exceptional circumstances. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L. Ed.2d 688 (1971), prevents circumvention of Younger through the expedient of seeking federal declaratory relief which might have the same effect as enjoining the state prosecution.

The plaintiffs do not seek to enjoin pending state prosecutions. Nor do they call into question the constitutionality of the substantive criminal statutes under which members of the class have been indicted. Two of the causes of action (three and four), which challenge the setting of excessive bail and the hardships of lengthy pretrial detention, present issues which could not be raised in defense of a criminal prosecution. See Littleton v. Berbling, *supra*, 468 F. 2d at 408. So too the fifth cause of action concerning the refusal to docket *pro se* motions would be difficult if not impossible to raise in individual criminal prosecutions. The other causes of action alleging pervasive denial of the rights to a speedy trial and effective assistance of counsel are available as defenses in New York State criminal prosecutions. However, in view of the allegations that appointed counsel rarely are prepared adequately and seldom present available defenses, it would ignore reality to leave these claims to consideration in individual cases. As plaintiffs point out, ineffective counsel is not likely to raise the issue of ineffective assistance of counsel.

■ Therefore, since the action does not request the court to enjoin state criminal proceedings, it is not subject to dismissal based on Younger v. Harris. But even if enjoining state usages under the facts presented does fall within the proscription of *Younger*, the circumstances alleged here are so egregious and unusual to come within the exceptions outlined in *Younger*. See 401 U.S. at 46, 53, 54, 91 S.Ct. at 751, 755. They present a threat that, as stated in *Younger*, "cannot be eliminated by * * * defense against a single criminal prosecution."

It is not necessary to decide now whether dismissal of indictments would be a violation of Younger v. Harris, or whether directing the release of defendants would be an exercise of habeas corpus powers that requires exhaustion of state remedies under 28 U. S.C. § 2254(b). Compare Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972); Mitchum v. Foster, 407 U.S. 225, 240–242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Even a proceeding cognizable in federal habeas corpus must sometimes be treated as a civil rights action not subject to exhaustion requirements. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

Defendants rely further on the Tenth Amendment to the United States Constitution, which reserves to the states the powers not delegated to the United States by the Constitution. Since the Tenth Amendment did not deter the Supreme Court from finding federal court jurisdiction in the *Gideon, Adickes,* Johnson v. Avery, and *Wilwording* cases, among others, it is clear that it has no application here. There is no real similarity between this case and Kail v. Rockefeller, 275 F.Supp. 937 (E. D.N.Y.1967), where a three-judge court refused to direct the governor and the legislature to provide for the election of eight additional Supreme Court Justices from Queens County.

Defendants argue that the first cause of action seeks to supersede bar association grievance committees and the Appellate Division in relation to misconduct of attorneys. This argument misconstrues the complaint. The attack is on the practice of the judges in assigning more cases than Legal Aid Society attorneys can effectively handle. It is quite possible to sustain the complaint without determining that there has been any wilful misconduct by any Legal Aid Society attorney.

Defendants further argue that the complaint is too broad and would involve the federal court in the day-to-day operation of the state courts. The complaint is no broader than the facts which are alleged, and which must be taken as true for the purpose of defendants' motions. If separate narrow complaints would each be valid, a broad complaint combining a number of allegations should also be valid.

The Supreme Court has said quite recently that the purpose of the Civil Rights Act is to give federal courts power to deal with the day-to-day operations of state agencies and may invoke federal jurisdiction to remedy neglect as well as intentional misconduct. In District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 607, 34 L.Ed.2d 613 (1973), the Court stated concerning Section 1983:

> To the Reconstruction Congress, the need for some form of federal intervention was clear. It was equally clear, however, that Congress had neither the means nor the authority to exert any direct control, *on a day-to-day basis,* over the actions of state officials. *The solution chosen was to involve the federal judiciary.* . . .
>
> .   .   .   .   .   .

Thus, in the final analysis, § 1 of the 1871 Act may be viewed as an effort "to afford a federal right in federal courts because, by reason of prejudice, passion, *neglect,* intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies." Monroe v. Pape, 365 U.S., at 180, 81 S.Ct., at 480. (Emphasis supplied).

Defendants assert that the District Attorney and the Probation Department are not charged with any serious misconduct. It is sufficient that some neglect of duty or participation in the delay of trials is charged against them. Moreover, some of the testimony at the hearings on a partial preliminary injunction charged the District Attorney with contributing to delays and to the inadequacy of defense representation by the way in which he manages the criminal calendars in the Supreme Court. Whether the charges can ultimately be

proved is a matter for future determination.

■ Finally, the defendants point out that the State Supreme Court cannot be sued as an entity. Zuckerman v. Appellate Division, 421 F.2d 625 (2d Cir. 1970). This is not a case against the Supreme Court, but a case against individual justices and other state officials. As Judge Weinstein pointed out early in the case (Memorandum and Order dated July 11, 1972, p. 5), state judges are not immune from civil rights suits for equitable relief. See, e. g., Jacobson v. Schaefer, 441 F.2d 127, 130 (7th Cir. 1971); Littleton v. Berbling, *supra*, 468 F.2d at 395–408 (7th Cir. 1972).

*The Class Action Motion*

■ Defendants object to the granting of class action status because each plaintiff may not suffer from all the improper usages alleged in the complaint. This is not the test of the propriety of a class action complaint. It is sufficient for Rule 23 that the class be numerous, that there be common questions of law and fact, that the claims of the representative parties are typical of those of the class, and that the representative parties will adequately protect the interests of all. Even if there are divergencies of view among the members of the class, it is sufficient if "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." F. R.Civ.P. 23(b)(3).

■ The propriety of the alleged usages can best be determined in a class action, even though specific relief such as release on bail or dismissal of an indictment may depend on the facts in an individual case. *Cf.* Brubaker v. Dickson, *supra*, 310 F.2d at 32.

■ Class action status here is particularly appropriate, since plaintiffs are housed at the Brooklyn House of Detention for Men only temporarily and seek to represent those who may later be incarcerated there. A case dealing with an ever-changing class should not be defeated by the loss of some members and the entry of others. Washington v. Lee, 263 F.Supp. 327 (M.D.Ala.1966), aff'd, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); Clark v. American Marine Corp., 297 F.Supp. 1305 (E.D.La.1969).

■ A major consideration in determining the adequacy of representation of a class is "that the parties' attorney be qualified, experienced, and generally able to conduct the proposed litigation." Eisen v. Carlisle and Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968). The court is satisfied that plaintiffs' attorneys are competent to represent the class, and that the various requirements for the maintenance of a class action exist.

■ The most suitable basis for the maintenance of a class action in this case is under Rule 23(b)(2) in that "the party opposing the class has acted or refused to act on grounds generally applicable to the class."

Plaintiffs should prepare a form of notice to be handed to present inmates of the Brooklyn House of Detention for Men and to all future inmates. The form shall be determined on notice to defendants' attorneys. Since an order for release of individual defendants or dismissal of indictments involves special problems, that portion of proposed relief should not be described in the notice. If it is appropriate, it can be granted under the prayer for other and further relief.

It is ordered:

1. That defendants' motions to dismiss the complaint be denied.

2. That defendants' time to answer the complaint be extended until thirty days after the date of this Memorandum and Order.

3. That plaintiffs' motion for a determination that the case may be maintained as a class action is granted, the form and manner of notice to the class to be determined by separate order to be submitted on three days' notice.