Richard LUCAS et al., Plaintiff,

v.

Joseph WASSER, Individually and as
Sheriff of Sullivan County, et al.,
Defendants.

No. 76 Civ. 1057 (HFW).

United States District Court,
S. D. New York.

Nov. 4, 1976.

See also, D.C., 425 F.Supp. 955.

Michael J. Goldberg, David L. Posner,
Mid-Hudson Valley Legal Services Project,
Monroe County Legal Assistance Corp.,
Monticello, N. Y., and Daan Braverman,
Greater Up-State Law Project, Monroe
County Legal Assistance Corp., Rochester,
N. Y., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y.,
New York City, for defendants Com'rs of
the New York State Commission of Correction.

OPINION

WERKER, District Judge.

This is a motion for class action certification under Rule 23(b)(2), Fed.R.Civ.P.[1]

---

1. Rule 23(b) provides that an action may be
maintained as a class action if the prerequisites
of subdivision (a) are satisfied and also:

"(2) the party opposing the class has acted
or refused to act on grounds generally applicable to the class, thereby making appropri-

■ The State defendants, who are the only parties who oppose the class action motion do so primarily on two grounds. First they claim that the named plaintiffs cannot properly represent the class they purport to represent because the claims raised by the purported class are broader than those which pertain to the named plaintiffs. The class which plaintiffs seek to have certified consists of all persons who are or will be held in detention at the Sullivan County Jail for the purpose of the trial or other disposition of criminal charges against them, or who are being or will be held as material witnesses or parole detainees. Each of the named plaintiffs, however, is a pre-trial detainee, confined in lieu of bail to insure his appearance at trial. It is this court's view that although material witnesses or parole detainees are not included amongst the named plaintiffs, that the named plaintiffs are adequate to represent a class which encompasses material witnesses and parole detainees as well. These individuals are all temporary detainees. The issue which is central to the claims of all temporary detainees is the minimum conditions under which persons may be confined while temporarily detained in a state facility and whether or not those conditions are met here. In my view the conditions of confinement to which pre-trial detainees, material witnesses and parole detainees may be subjected are the same.

It is not necessary that the factual basis for the claims of all members of the class be identical. As stated by the district court in *Cottrell v. Virginia Electric & Power Co.,* 62 F.R.D. 516, 520 (E.D.Va.1974),

"But Rule 23(a)(3) does not require that the factual backgrounds of the named plaintiff's [sic] case be identical with that of other members of the class, but that the disputed issue occupy essentially the same degree of centrality to the named plaintiffs' claim as to that of other members of their purported class. *Taliaferro v. State Council,* 372 F.Supp. 1378 (D.C., 1974)."

*Accord, Souza v. Scalone,* 64 F.R.D. 654, 657 (N.D.Cal.1974), citing *Eisen v. Carlisle & Jacquelin, (Eisen II),* 391 F.2d 555, 562 (2d Cir. 1968); *American Finance Systems Inc. v. Harlow,* 65 F.R.D. 94, 108 (D.Md.1974).

■ The second basis for the State defendants' opposition to the motion for class certification is the claim that declaratory and injunctive relief granted to the plaintiffs will adequately protect all persons subject to the agency's practices, and that class action certification is therefore unnecessary. I disagree that class certification here is unnecessary. Since the class is composed of "temporary" detainees, unless class certification is granted before determination of the claims in the suit is had, the claims of the named plaintiffs are very likely to become moot. Although the named plaintiffs' claims will have become moot, the deprivations alleged would have been experienced by them, and new detainees would be subjected to the same alleged deprivations.

Neither *Thomas v. Weinberger,* 384 F.Supp. 540 (S.D.N.Y.1974), nor *McDonald v. McLucas,* 371 F.Supp. 831 (S.D.N.Y.1974), *affirmed,* 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974), cited by state defendants is apposite here. In *Thomas v. Weinberger* the court denied class action status to plaintiffs who claimed that the Social Security Administration's conduct denied them due process in deducting previous overpayments from current benefits without a prior hearing on the grounds that to do so was unnecessary because members of the class would benefit in any event. That case is unpersuasive here because the issue

---

ate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Subdivision (a) requires as a prerequisite to the maintaining of the case as a class action that

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

of mootness did not arise. Nor was mootness a problem in *McDonald v. McLucas* where Judge Metzner, writing for a three-judge court, observed that the court could assume that an agency of the government would not continue to violate the rights of members of the purported class if the statute in question were declared invalid. 371 F.Supp. at 834. The plaintiffs there were seeking declaratory and injunctive relief against a statute which authorized determinations of death by the secretaries of the various armed forces without a prior hearing of the proposed status change for next-of-kin. *McDonald* did not arise in the context of a class of individuals each of whose status is likely to change within a brief period of time. Moreover, the subject of the constitutional attack here is not a statute but a series of conditions in the jail. Thus obedience of this court's order with respect to future detainees would not be as automatic or as simple as the non-enforcement of a statute. The Supreme Court specifically noted in *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975) that

> "Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures."

Thus, the importance of proper certification of this case as a class action is evident. Proper class certification preserved plaintiff's claim for example, in *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), where the Supreme Court ruled that a class action challenging the residency requirement of an Iowa divorce statute was not mooted by the divorce and qualification with respect to the residency requirement of the named plaintiff by the time the case had reached the Supreme Court since the controversy was still in existence for the class and the issue was such that it was capable of repeating and yet of evading review. *Compare Board of School Commissioners of the City Indianapolis v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (*per curiam*), where the lack of proper class certification mooted plaintiff's claim.

It should be noted that the State defendants have not come forward and affirmatively represented that they would abide by a decision in favor of plaintiffs with respect to members of the class or any future detainees. This case is thus distinguishable from *Galvan v. Levine,* 490 F.2d 1255 (2d Cir. 1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974) in which the Second Circuit regarded class certification as a mere "formality." *Galvan* was an action in which plaintiffs sought declaratory or injunctive relief against the practice of the Industrial Commissioner of New York of denying benefits to Puerto Ricans who returned to Puerto Rico when employment was unavailable to them in New York. There the state had set forth its understanding that the judgment was to bind it with respect to all claimants to unemployment benefits. The State defendants have not done so here. *See also Echevarria v. Carey,* 402 F.Supp. 183, 189 (S.D. N.Y.1975) (Weinfeld, J.), where class action status was granted for the very reason that the defendants had failed to indicate that they would regard themselves as bound with respect to future parties in plaintiff's position.

The court finds that this action shall be conditionally maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

SO ORDERED.