**John MONCRAVIE, on behalf of himself and all inmates, present and future, of the Washington County Jail, Plaintiffs,**

v.

**Bud DENNIS, Sheriff of Washington County, Arkansas; and Charles Johnson, County Judge for Washington County, Arkansas, Defendants.**

No. 80–5107.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Feb. 27, 1981.

Bob I. Mayes and Matthew T. Horan, Fayetteville, Ark., for plaintiffs.

Kim M. Smith, Pros. Atty., Fayetteville, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

Pending before the Court is the plaintiff's motion for class certification and the defendants' response thereto. Both sides have filed extensive briefs and stipulations and have agreed orally to have the Court decide the matter without a hearing.

The individual plaintiff herein, John Moncravie, is an inmate of the Washington County Jail which is located in Fayetteville, Arkansas. The defendants are the sheriff and county judge of Washington County. The class sought to be certified by the plaintiff is composed of all of the inmates, present and future, of the Washington County Jail.

The complaint is brought pursuant to 42 U.S.C. § 1983, jurisdiction being invoked under 28 U.S.C. § 1343(3) and (4), as well as 28 U.S.C. § 1651, 2201, and 2202. The gravamen of the plaintiff's claim is that the conditions of the Washington County Jail as presently maintained by the defendants violate the plaintiff's constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. The plaintiff seeks a declaratory judgment to the effect that the jail conditions do not meet minimal constitutional standards and injunctive relief whereby the defendants would be required to institute certain specified changes which would render the conditions of confinement in the Washington County Jail unconstitutional. Money damages are not sought.

The plaintiff alleges that the purported class will, over the course of this lawsuit, number over 100 individuals who are now or will be incarcerated in the Washington County Jail and that the fluidity of the inmate population renders joinder of each prospective plaintiff a very impractical proposition. It is further alleged that the defendants' conduct as concerns the inmates presents questions of fact and law which are common to the class; that the individual plaintiff is a proper representative of the class; and that the plaintiff's attorneys are familiar with the operations of the Washington County Jail and are fully qualified to represent the class, particularly since one of the attorneys recently represented the inmates of a county jail in a similar lawsuit. (*Campbell v. Cauthron*, 623 F.2d 503 (8th Cir. 1980)).

The parties have entered into the following formal stipulations:

1. That the average length of time an inmate is confined in the Washington County Jail is 10–14 days. This average includes pre-trial detainees, sentenced misdemeanants and felons, persons detained prior to bond and persons held for "mental commitment procedures" or otherwise awaiting transfer to the State Hospital or State Prison.

2. That the rated capacity of the Washington County Jail is 51 persons, consisting of 39 adult males, 4 adult females, 4 boys and 4 girls. The daily average population is 25, consisting of a daily high of 33 and a daily low of 10.

3. That taking these figures, the jail's population through the course of one year can be extrapolated to 640 inmates, each of whom spends time in the jail for periods of 1 day to 1 year, the average inmate spending 10–14 days in confinement.

4. That in a similar "jail suit" held in the Western District of Arkansas, the time from Complaint to trial was 14 months (May 5, 1977, to July 24, 1978).

It is the finding of the Court that the instant case may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiff has met the requirements of the rule. See e. g., Campbell v. Cauthron, supra; Alberti v. Sheriff of Harris County, Texas, 406 F.Supp. 649 (S.D.Tex.1975); Inmates of Suffolk County Jail v. Eisenstadt, 360 F.Supp. 676 (D.Mass.1973), aff'd 494 F.2d 1196 (1st Cir. 1974), cert. denied, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 189 (1974); Hamilton v. Love, 328 F.Supp. 1182 (E.D.Ark.1971); Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.1968), aff'd 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425 (1968). The criteria specified by subsection (a) of Rule 23 are clearly met in the instant case, to wit: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

With respect to the first criterion, numerosity, the stipulation filed herein by the parties makes it abundantly clear that joinder of all of the potential class members would be extremely burdensome. According to the estimate set forth in the stipulation, the total capacity of the jail is 51 prisoners, the daily average inmate population of the jail is 25, and some 640 inmates can be expected to be housed in the jail during the course of a single year. This lawsuit is already over two months old, and the plaintiff has stated in his pretrial conference information sheet that his discovery will not likely be complete until July or August 1981. Even if the case could be set for trial at that time (which is unlikely, due to the present congestion of the Court's docket), some eight months would have elapsed. By the computations utilized in the stipulation, the number of inmates who would have spent time in the jail would be approximately 429. Clearly, then, the numerosity requirement has been met. See Cudnik v. Kreiger, 392 F.Supp. 305 (N.D. Ohio 1974); Wallace v. McDonald, 369 F.Supp. 180 (E.D.N.Y.1973); Blyden v. Hogan, 320 F.Supp. 513 (S.D.N.Y.1970).

It is equally apparent that the second requirement of Rule 23(a)(2) is satisfied, namely, that common questions of fact and law are present. The conditions of confinement in the Washington County Jail appear to be the same for all who are incarcerated. The fact that the length of some inmates' stay there may be shorter than that of others makes no difference; the treatment they receive, although not lasting as long, is the same as that received by all other inmates. Cicero v. Olgiati, 410 F.Supp. 1080 (S.D.N.Y.1976); Cudnik v. Kreiger, supra; Gaugh v. Schmidt, 369 F.Supp. 877 (W.D.Wis.1974); Inmates of Attica Correctional Facility v. Rockefeller, 453 F.2d 12 (2d Cir. 1971).

By the same token, the claims of the individual plaintiff are typical of the claims of the class. The class representative is obligated, by virtue of the typicality requirement, to at least demonstrate that there are other members of the class who have similar grievances. Martin v. Arkansas Arts Center, 480 F.Supp. 156 (E.D.Ark. 1979), aff'd 627 F.2d 876 (8th Cir. 1980). This the plaintiff has done, and more. There is no apparent antagonism whatsoever between the interests of the individual plaintiff and those of the class. Mersay v. First Republic Corp., 43 F.R.D. 465 (D.C. 1968). Moreover, it is not necessary that

the factual basis for the claims of all members of the class be identical. *Lucas v. Wasser*, 73 F.R.D. 361 (D.C.1976). See, also, *Cottrell v. Virginia Electric & Power Co.*, D.C., 62 F.R.D. 516, 520, which stated,

> "But Rule 23(a)(3) does not require that the factual background of the named plaintiff's case be identical with that of other members of the class, but that the disputed issue occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the purported class."

█ The final requirement of Rule 23(a) that the named plaintiff will fairly and adequately represent the interests of the class has also been met. A class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). The individual plaintiff here, John Moncravie, meets this requirement. Mr. Moncravie, age 25, has been incarcerated in the Washington County Jail since November 1980 and is presently awaiting trial on theft and burglary charges. In his affidavit he avers that he is treated exactly the same as all other prisoners. Having resided in the jail for approximately three months, Mr. Moncravie has had ample opportunity to become familiar with the conditions there. He is a high school graduate and has been declared mentally competent by the Ozark Guidance Center. Further, Mr. Moncravie has, over the course of his short life, been a frequent visitor of other prisons and is thereby in a position to make comparisons between those institutions and the jail here in question.[1] The Court thus finds that the class sought to be certified will be adequately represented by Mr. Moncravie.

Compliance with Rule 23(a)(4) has also been interpreted to depend in part upon the competency of counsel by whom the potential class is to be represented, the rationale therefor being that,

> "The concern that the class representative adequately represents the class is predicated upon the due process concept that one's day in court may not be denied him without a fair and adequate substitute both for the litigant and for his lawyer." *Jones v. MacMillan Bloedel Containers, Inc.*, 84 F.R.D. 640, 644 (D.C., E.D.Ark.1979).

The attorney must be "qualified, experienced, and generally able to conduct the proposed litigation." *United States Fidelity and Guaranty Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978); *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968); *Wallace v. McDonald, supra.* The record reflects that the qualifications of both of the plaintiff's attorneys render them competent to represent the class sought to be certified herein.

█ Having ruled that all of the criteria of Rule 23(a) have been met, the Court must now determine whether the plaintiff has satisfied Rule 23(b), which provides in relevant part,

> "(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> \* \* \* \* \* \*
>
> "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> "(3) the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and effi-

---

1. In his affidavit, Mr. Moncravie states that he was convicted of Armed Robbery on a Federal Reservation in 1976 and was sentenced to seven years' imprisonment under the Youth Corrections Act. He served time in the Federal Correctional Institutions at Petersburg, Virginia; at Texarkana, Texas; and at El Reno, Oklahoma. After being paroled from El Reno in August 1979, he was then incarcerated in the Clark County, Arkansas, Jail and the Hot Springs, Arkansas, City Jail.

cient adjudication of the controversy . . . ."

It is the Court's finding that both of the above subsections are applicable in the instant case, particularly in view of the fluid nature of the inmate population at the Washington County Jail.[2] As the Court in *Wallace v. McDonald, supra,* noted in its discussion in a similar class-action "jail" case, "A case dealing with an ever-changing class should not be defeated by the loss of some members and the entry of others. [Citations omitted.]" 369 F.Supp. at 188. The complaint alleges a continuing course of conduct by the defendants, to which some inmates may be exposed only briefly, while others may experience it for periods as long as one year. Because of the short terms of incarceration of the majority of the potential class members, joinder of each individual would be difficult and problems of standing would arise. The instant situation is a classic example of the "capable of repetition, yet evading review" doctrine, which authorizes us to certify the matter as a class action. See *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), in which the Supreme Court held that the mootness of the named plaintiff's individual claim after a class had been duly certified did not render the action moot. The Court specifically held that an Article III case or controversy "may exist ... between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." 419 U.S. at 402, 95 S.Ct. at 558. See, also, in this regard, *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

In light of all of the foregoing, the Court finds that this cause may properly be brought as a class action pursuant to Rule 23. An order to this effect was entered on February 23, 1981.

**2.** According to the stipulation which has been filed herein, the average length of time an in-

mate is confined in the jail is 10–14 days.