**John A.G. MADDEN, Plaintiff–Appellant,**

**Melissa Winborn, Plaintiff,**

v.

**VERMONT SUPREME COURT, Defendant–Appellee.**

No. 00–7858.

United States Court of Appeals, Second Circuit.

May 17, 2001.

John A.G. Madden, New Haven, VT, pro se.

Ronald A. Shems, Montpelier, VT, for appellee.

Present STRAUB and POOLER, Circuit Judges, KORMAN,* District Judge.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Plaintiff–Appellant John A.G. Madden, *pro se*, appeals from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Chief Judge* ) dismissing his case pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

In April 2000, Mr. Madden filed a 42 U.S.C. § 1983 complaint against the Vermont Supreme Court. He claimed that the Vermont Supreme Court violated his rights when it denied his motion to disqualify the justices of the Vermont Supreme Court and affirmed the Vermont Environmental Court judgment from which he had appealed. Mr. Madden sought injunctive relief and remand of his case for trial.

The State of Vermont moved to dismiss based on Eleventh Amendment immunity, and the District Court entered judgment accordingly. Mr. Madden moved for relief pursuant to Fed.R.Civ.P. 59. The District Court denied his motion. This appeal followed.

We review *de novo* a district court's decision to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The District Court properly dismissed the complaint and denied Mr. Madden's Rule 59 motion after correctly determining that Mr. Madden's claim against the Vermont Supreme Court was barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (holding that the Eleventh Amendment deprives the federal courts of subject matter jurisdiction over any action asserted by an individual against a state regardless of the nature of the relief sought); *see also Zuckerman v. Appellate Division,* 421 F.2d 625, 626 (2d Cir.1970)

(appeals court is a part of the judicial arm of the state).

For the reasons set forth above, we AFFIRM the judgment of the District Court.