**Thurman Jerome BROWN,**
**Plaintiff–Appellant,**

v.

**NEW YORK STATE UNIFIED COURT SYSTEM, et al., Defendants–Appellees.**

**No. 06–5331–cv.**

United States Court of Appeals,
Second Circuit.

Jan. 11, 2008.

Thurman Jerome Brown, Rome, NY, pro se.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Appellant Thurman Jerome Brown, *pro se*, appeals the judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) entered on October 18, 2006, dismissing his complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). We presume the parties' familiarity with the facts and procedural history of the case, and the arguments on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).

Having reviewed the record, we agree with the District Court that Brown's complaint failed to state a claim for relief because the named defendants—the New York State Unified Court System ("NY-SUCS") and the Office of Court Administration—are not "persons" within the

meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Zuckerman v. Appellate Div., Second Dep't, Supreme Court of N.Y.*, 421 F.2d 625, 626 & n. 1 (2d Cir.1970).

On appeal, Brown contends that the District Court failed to construe his *pro se* complaint liberally because the "essence" of his complaint was that Carol M. Hamm, Deputy Inspector General of the NY-SUCS, violated his equal protection rights by refusing to investigate crimes allegedly perpetrated against him. Even if the complaint can be interpreted as having named Hamm as a defendant, however, his claims still fail because, *inter alia,* the complaint includes no allegations that Brown was treated differently from others similarly situated. *See Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir.1996); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). "[W]e are entitled to affirm ... on any ground for which there is support in the record, even if not adopted by the District Court." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir.2003) (internal quotation marks omitted).

The judgment of the district court is therefore AFFIRMED.