10-3011-cv
McCluskey v. New York State Unified Court System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand eleven.

PRESENT:
        CHESTER J. STRAUB,
        DENNY CHIN,
                Circuit Judges,
        LORETTA A. PRESKA,
                Chief District Judge[*]

- - - - - - - - - - - - - - - - - - - - -x

PETER MCCLUSKEY,
        Plaintiff-Appellant,

        -v.-                                10-3011-cv

NEW YORK STATE UNIFIED COURT SYSTEM,
CHIEF JUDGE JONATHAN LIPPMAN, GABOR &
GABOR, DAVID GABOR, HOPE GABOR,
        Defendants-Appellees.[**]

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      PETER MCCLUSKEY, pro se, Lynbrook, New York.

FOR DEFENDANTS-APPELLEES:     JOAN MARTINO FALEY, L'Abbate, Balkan, Colavita & Contini, Garden City, New York, for Gabor & Gabor, David Gabor, and Hope Gabor.

_____

[*]     The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

[**]    The Clerk of Court is directed to amend the caption accordingly.

PATRICK J. WALSH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Benjamin N. Gutman, Deputy Solicitor General, of counsel, <u>on the brief</u>), <u>for</u> Eric T. Schneiderman, Attorney General for the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>) entered on June 22, 2010, dismissing pro se plaintiff-appellant Peter McCluskey's federal claims and declining to exercise supplemental jurisdiction over his legal malpractice claims. The judgment was entered in accordance with the district court's order filed June 17, 2010, sua sponte dismissing McCluskley's federal claims with prejudice and declining jurisdiction over his state law claims.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

In 1999, Peter McCluskey, a part-time adjunct professor in the Theater Department at Suffolk County Community College (the "College"), retained the Garden City law firm of Gabor & Gabor and lawyers David Gabor and Hope Gabor (collectively "Gabor") to file a lawsuit against the College. McCluskey alleged the College improperly denied him appointment to a full-time position because of his age. Gabor filed an age discrimination suit against the College on behalf of McCluskey in state court.

-2-

The relationship between McCluskey and Gabor soured, as they clashed over litigation strategy and fees. In March 2006, the New York Supreme Court, Suffolk County, granted Gabor's motion to be relieved from representing McCluskey. McCluskey elected to proceed pro se at trial. In July 2006, a jury found that McCluskey was not denied a full-time position at the College under circumstances giving rise to an inference of discrimination, and judgment was entered for the defendants.

In February 2007, McCluskey, again proceeding pro se, sued Gabor in New York Supreme Court, Nassau County, for legal malpractice. The court granted Gabor partial summary judgment. Both parties appealed, and the Appellate Division, Second Department, held that Gabor was entitled to summary judgment on all issues because McCluskey's claims of legal malpractice were without merit. McCluskey then moved for leave to reargue Gabor's motion for summary judgment before the Supreme Court, Nassau County. The court denied the motion, and the Appellate Division, Second Department, dismissed McCluskey's appeal from this order.

McCluskey then sought leave to appeal to the Court of Appeals. The appeal was dismissed "upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution."

In May 2010, McCluskey filed this action against the New York State Unified Court System and Chief Judge Jonathan Lippman of the New York Court of Appeals (the "State Defendants") and Gabor. McCluskey alleged that the state courts and judges

-3-

had violated his Fourteenth Amendment rights to due process and equal protection by ruling against him. McCluskey also sought money damages against Gabor for legal malpractice, in addition to a declaratory judgment that his constitutional rights were violated, reinstatement of his state malpractice claims and judgment in his favor.

On appeal, McCluskey argues that the district court committed reversible error by dismissing his 42 U.S.C. § 1983 claims as barred by judicial immunity, sovereign immunity, and lack of state action, and by declining to exercise supplemental jurisdiction over his legal malpractice claims.

This Court reviews the district court's sua sponte dismissal of the complaint de novo. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In the case of a pro se complaint, a court must construe the complaint liberally. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## 1.    **The State Defendants**

The district court correctly dismissed the claims against the State Defendants. First, the claims against the State Defendants are based solely on judicial acts preformed by

-4-

judges in their judicial capacity. Hence, the claims against Chief Judge Lippman are barred by the doctrine of judicial immunity. <u>Bliven v. Hunt</u>, 579 F.3d 204, 209 (2d Cir. 2009). In addition, McCluskey's claims for injunctive relief against Judge Lippman are barred by statutory judicial immunity because McCluskey did not allege that "a declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. § 1983; <u>see also</u> <u>Montero v. Travis</u>, 171 F.3d 757, 761 (2d Cir. 1999).

Second, the claims against the Unified Court System are barred by the Eleventh Amendment since it is an arm of the State of New York. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought."); <u>see also</u> N.Y. Const. art. 6, § 1 (creating the unified court system); <u>In re Deposit Ins. Agency</u>, 482 F.3d 612, 617 (2d Cir. 2007) ("[The Eleventh Amendment] jurisdictional bar also immunizes a state entity that is an arm of the State.") (internal quotation marks omitted); <u>Zuckerman v. App. Div., Second Dep't</u>, 421 F.2d 625, 626 (2d Cir. 1970) (holding that the Appellate Division was not a person under § 1983). In addition, there is no evidence suggesting any waiver of sovereign immunity. <u>See Fla. Dep't of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity.").

## 2.   **The Gabor Defendants**

Likewise, the district court correctly dismissed the claims against the Gabor defendants.  First, private actors are not proper § 1983 defendants when they do not act under color of state law.  See Am. Mfrs. Mut. Ins. Co., v. Sullivan, 526 U.S. 40, 49–50 (1999) (explaining that § 1983 actions do not reach purely private conduct).  "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents."  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted).  A "conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."  Id.

McCluskey contends that Gabor acted "jointly" with the Appellate Division by moving to dismiss his appeal for lack of jurisdiction, a motion which the Appellate Division granted. This claim is meritless, see Ciambriello, 292 F.3d at 324, especially as McCluskey concedes that state law permitted Gabor to move to dismiss the appeal, and the Appellate Division had "no choice but to apply the reargument procedural rule uniformly."

Second, to the extent that McCluskey asked the district court to review state court rulings in favor of Gabor, his complaint was properly dismissed pursuant to the Rooker-Feldman doctrine.  Lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

-6-

and rejection of those judgments."  <u>Exxon Mobil Corp. V. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  As the district court correctly concluded, McCluskey's allegations against Gabor largely reiterate the claims made in the original state court malpractice proceedings, claims that were dismissed on the merits.

## <u>CONCLUSION</u>

We have considered McCluskey's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk