William F. COOPERSMITH, and all Persons Similarly Situated, Appellant,

v.

SUPREME COURT, STATE OF COLORADO et al., Appellees.

No. 71–1702.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1972.

Rehearing Denied Aug. 30, 1972.

---

William F. Coopersmith, pro se.

Jack E. Hanthorn, Deputy Atty. Gen. (Duke W. Dunbar, Atty. Gen., and John P. Moore, Deputy Atty. Gen., of Colo., with him on the brief), for appellee Courts.

Michael A. Sabian, Denver, Colo. (D. Craig Lewis, and Pendleton, Sabian, Guthery & Lewis, P. C., Denver, Colo., with him on the brief), for appellee, Colo. Bar Ass'n.

Before HILL, SETH and BARRETT, Circuit Judges.

PER CURIAM.

The complaint in this action names as the only defendants the "Supreme Court State of Colorado," "Court of Appeals State of Colorado," "District Court, Grand County, State of Colorado," and "Colorado Bar Association, a Corporation." The complaint alleges that it is an action under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1985, 1986. The plaintiff is a resident of Colorado who received his law degree from the University of South Dakota in 1926, but is not admitted to practice in Colorado. The allegations in the complaint refer generally to the attempts by the defendants to make it difficult for the plaintiff to appear pro se and to make it difficult for him when he so appears.

The allegations of the complaint state conclusions as to the defendant Bar Association, that it is a "closed corporation," that the Supreme Court of Colorado is "unconstitutional," and that the Colorado lawyers and judges are not skillful. Plaintiff also asserts that he has not been permitted to withdraw files or transcripts from the Clerk's offices.

Plaintiff's prayer for relief is:

"The plaintiff prays for the determination by the Court for the equal rights of the plaintiff and all persons similarly situated when appearing as attorney pro se, to appear before the State Supreme Court and the State Court of Appeals and argue their cases, and to determine the plaintiff's equal right to withdraw, when acting as attorney pro se, the files, records on appeal, transcripts of testimony, and all other files that are withdrawn by licensed attorneys and members of the Colorado Bar Association.

"The plaintiff further prays for the refund of #132.00 [sic] filing fees collected from the plaintiff by the State Supreme Court, The State Court of Appeals, and any other relief deemed fit and proper."

The defendants filed motions to dismiss, asserting that the complaint failed to state a claim. The defendants urged that the allegations were unrelated to the claim for relief, that they were a statement of plaintiff's personal opinions as to defendants, and could not serve as a basis for relief. It was also urged that none of the defendants were "persons" under 42 U.S.C. §§ 1983, 1985 and 1988, and in any event the "court" defendants were immune from suit.

The trial court granted defendants' motions to dismiss, and plaintiff has taken this appeal. We find no error in the dismissal of the action by the trial court.

 Under the Federal Rules of Civil Procedure and especially Rule 8(a)(2), a complaint must state the basis for the claim asserted. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, and Ryan v. Scoggin, 245 F.2d 54 (10th Cir.). Of course, on such a motion as this, facts well pleaded are taken as correct, but allegations of conclusions or of opinions are not sufficient when no facts are alleged by way of the statement of the claim.

 The defendants are not proper defendants in view of the statement in the complaint that the action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. The defendants are not "persons" as therein contemplated. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492; Allison v. California Adult Authority, 419 F.2d 822 (9th Cir.); Whitner v. Davis, 410 F.2d 24 (9th Cir.); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir.), and Salazar v. Dowd, 256 F.Supp. 220 (D.C.Colo.).

Affirmed.