**Gary L. PATTEN, Appellant,**

v.

**Gerald G. GLASER, Judge of the South Central Judicial District, Appellee.**

**No. 85–5152.**

United States Court of Appeals, Eighth Circuit.

Submitted July 30, 1985.

Decided Sept. 5, 1985.

Gary L. Patten, pro se.

Kermit Edward Bye, Fargo, N.D., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Gary L. Patten appeals from two final judgments entered in the District Court[1] for the District of North Dakota dismissing his § 1983 action against Gerald G. Glaser, a North Dakota state trial judge. Appellant sought injunctive relief and damages for actions Judge Glaser took while presiding over appellant's divorce case. For reversal appellant argues that the district court erred in dismissing his claim because (1) disputed factual issues existed as to

---

**1.** The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, and the Honorable Bruce M. Van Sickle, United States Senior District Judge for the District of North Dakota.

whether Judge Glaser had committed several non-judicial acts for which liability could attach and whether Judge Glaser had subject matter jurisdiction and (2) the district court could not on the record before it make a determination that appellant would have an adequate opportunity to raise the issues in state court. For the reasons discussed below, we affirm.

Judge Glaser was the presiding judge in appellant's divorce case. During the course of the divorce proceedings there were child kidnappings, threats, house lockouts and other actions by the parties which required judicial intervention. Because of these actions, Judge Glaser made several orders as to visitation, custody and support payments. Following noncompliance with these orders by both parties and after a contempt hearing, Judge Glaser held both parties in contempt and sentenced appellant to five days in jail on each of the two charges of contempt, but suspended the sentence on the condition that there be no further violation of the court orders. Appellant subsequently failed to comply with the order and Judge Glaser ordered appellant to serve the five-day jail sentence previously imposed.

Appellant subsequently filed this pro se § 1983 action for injunctive relief and damages against Judge Glaser. Appellant alleged that Judge Glaser had held him in contempt and imprisoned him in violation of his constitutional rights and further that Judge Glaser acted without jurisdiction in finding him in contempt. Appellant further alleged that he suffered mental anguish and aggravation and requested damages in excess of $220,000. Appellant also sought collateral relief in the form of a new trial in the contempt and divorce proceedings.

■ The district court dismissed appellant's damages claim on the basis that Judge Glaser was immune from liability for damages because he had jurisdiction over the subject matter and the acts complained of were judicial acts. *Birch v. Mazander,* 678 F.2d 754, 755 (8th Cir.1982). The district court found that Judge Glaser was a judge of a court of general jurisdiction and therefore clearly had subject matter jurisdiction over the divorce action. The district court also found that Judge Glaser's act of finding appellant in contempt was a judicial act because it is a function normally performed by a judge and Judge Glaser was acting in his judicial capacity. *See Stump v. Sparkman,* 435 U.S. 349, 360–61, 98 S.Ct. 1099, 1106–07, 55 L.Ed.2d 331 (1972), *citing McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir.1972).

■ After a motion to dismiss by Judge Glaser, the district court entered a second order dismissing the remaining collateral relief counts on the basis of federal abstention. The district court, citing *Juidice v. Vail,* 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977), held that the federal court should abstain in this case because appellant has appealed his divorce case to the North Dakota Supreme Court and specifically requests relief identical to that requested in the federal court.

We hold that the district court did not err in dismissing appellant's claims. Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 12(a).