David HARRIS, an individual and Yes to Stop Callaway Committee, an unincorporated association, Appellants,

v.

MISSOURI COURT OF APPEALS, WESTERN DISTRICT, Chief Judge William E. Turnage, et al. and Supreme Court of Missouri, Chief Justice Albert L. Rendlen, et al., Appellees.

No. 85–1580.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1986.

Decided March 28, 1986.

As Amended on Denial of Rehearing May 8, 1986.

---

David Harris, St. Louis, Mo., pro se and for appellants.

Mark Edelman, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge and ARNOLD, Circuit Judge.

BRIGHT, Senior Circuit Judge.

David Harris and Yes to Stop Callaway Committee (appellants) appeal the district court's[1] dismissal of their complaint. In this complaint, appellants requested both monetary damages, and a remand to, or injunctive relief against, the Missouri Court of Appeals pursuant to 42 U.S.C. § 1983 (1982). In their complaint, appellants named the Missouri Court of Appeals, the Supreme Court of Missouri, and the individual Missouri judges of these courts as defendants. We affirm the dismissal of the action.

Appellants allege that the Missouri Court of Appeals discriminated against them. In November of 1984, appellants attempted to place "Proposition A" (relating to a nuclear power plant) on a Missouri ballot via an initiative petition. When the Missouri Secretary of State reviewed the signatures on this petition, he found an insufficient number of valid signatures to allow the proposition's inclusion on a ballot. The Missouri Circuit Court of Cole County affirmed his denial.[2]

At approximately the same time, another group of Missouri citizens similarly gathered signatures to place "Amendment 7" (relating to parimutuel betting) on a ballot. The Missouri Secretary of State again failed to certify enough of these signatures as valid to permit the inclusion of the amendment on a ballot. However, the same Cole County court that had affirmed the Secretary's denial of appellants' initiative reversed the Secretary's decision and ordered Amendment 7's inclusion on a ballot.[3]

Both Cole County decisions were independently appealed to the Missouri Court of Appeals, which affirmed both decisions in separate opinions. Appellants then filed suit in the United States District Court for the Western District of Missouri, alleging that the Missouri Court of Appeals discriminated against appellants by utilizing a dif-

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. *Yes to Stop Callaway Committee v. Kirkpatrick*, No. CV 184–859CC (Cir.Ct.Cole County Sept. 10), *aff'd*, 685 S.W.2d 209 (Mo.Ct.App. 1984).

3. *Payne v. Kirkpatrick*, No. CV 184–907CC (Cir.Ct. Cole County Oct. 2), *aff'd*, 685 S.W.2d 891 (Mo.Ct.App.1984).

ferent review criterion for signature certification in its evaluation of Proposition A than that used in reviewing Amendment 7. The district court dismissed the complaint and this appeal followed.

■■■ We affirm the district court's dismissal. Individual judges are immune from civil suit when acting within their judicial capacity, even in § 1983 Civil Rights actions. *See Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Patten v. Glaser*, 771 F.2d 1178, 1179 (8th Cir.1985) (per curiam). Likewise, courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 114 (1978) (per curiam). A court is not a "person" within the meaning of the Civil Rights Act. *See, e.g., Coopersmith v. Supreme Court*, 465 F.2d 993, 994 (10th Cir.1972) (per curiam); *Zuckerman v. Appellate Division*, 421 F.2d 625, 626 (2d Cir.1970).[4] Therefore, appellants fail to name a party liable to suit.

■ Appellants further argue the Missouri Court of Appeals as an entity is a "person" subject to § 1983 suit by virtue of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Appellants misinterpret *Monell*. The *Monell* decision held that municipal corporations (cities) were "persons" for purposes of the Civil Rights Act. The *Monell* Court found no constitutional protection extending to a city so as to shield it from a civil rights prosecution. As such, no reason existed to immunize a city from suit, when individual officers of a city had long been subject to civil rights actions. *See Monell, supra*, 436 U.S. 687, 690 n. 54, 98 S.Ct. 2034, 2035 n. 54.

The *Monell* rationale permitting suit against a municipality under § 1983 does not apply to a "court". First, *Monell* expressly stated that only local government

units, "not considered part of the State," would be unprotected by the eleventh amendment. *Id.* at 690 n. 54, 98 S.Ct. at 2035 n. 54. The Missouri state courts, however, must be deemed a part of the State of Missouri, and its adjudicative voice. Second, *Monell* observed that individual city officers were being sued to redress discriminatory acts perpetrated by and for the benefit of the city itself. *Id.* at 687, 98 S.Ct. at 2034. From this reasoning, it is clear that had the individuals been immune from suit, the city would also have been immune. Here, however, the individual judges *are* immune. Given this immunity, and given the eleventh amendment protection granted these courts as state instrumentalities, it follows that *Monell* does not compel a finding that the Missouri Courts are "persons" under the Civil Rights Act. *Accord Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir.1980) (county immune from suit when suit derived from judicial actions of immune judge).

Because appellants failed to name a nonimmune party, appellant's complaint was properly dismissed. We note, however, that the result would be the same if a nonimmune party were involved. The federal district court has no authority to review a state court's final judgment in an individual proceeding. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–84, 103 S.Ct. 1303, 1314–16, 75 L.Ed.2d 206 (1983). Appellants, by the remedies they request, ask the federal courts to oversee the Missouri state courts. This is neither the function nor the purpose of the federal judicial system. A state's judicial system is not subject to direct or indirect review in either the federal district courts or the federal courts of appeal. In some cases, of course, the United States Supreme Court may accept this type of state case for review under writ of certiorari. 28 U.S.C. § 1257 (1982). However, we fail to see how an equal protection

---

**4.** We realize that both *Coopersmith* and *Zuckerman* were decided before *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nevertheless, for the proposition that a court is not a "person" subject to the Civil Rights Act, we believe these cases remain good law. See our discussion of the *Monell* decision, *infra*.

violation flows in this case from no more than arguably inconsistent opinions reached on separate cases decided by a state appellate court. The district court's dismissal is therefore affirmed.

Affirmed.