802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARLENE POLYAK, Plaintiff-Appellant
v.
JIM T. HAMILTON, INDIVIDUALLY AND IN HIS JUDICIAL CAPACITY
AS CIRCUIT JUDGE, AND CIRCUIT COURT OF LAWRENCE
COUNTY, Defendants-Appellees.
 No. 85-6134.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 1
 BEFORE: ENGEL and GUY, Circuit Judges; and SUHRHEINRICH, District Judge*
 
 ORDER
 
 2
 The plaintiff appeals the order sua sponte dismissing her pro se civil rights action against a state court judge. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff filed this action under 42 U.S.C. Sec. 1983 asserting the defendant judge violated her civil rights by his handling of litigation to which the plaintiff was a party. For relief, she sought damages and an injunction prohibiting the enforcement of an order for a partition sale entered by the defendant as a result of the state litigation. In dismissing the action sua sponte, the district court held the defendant immune from damages under Sec. 1983 because of absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349 (1978). It is also found the request for injunctive relief barred by the doctrine of res judicata because of prior litigation in both the state courts and the district court. The court concluded the case was "frivolous, malicious, and harrassing [sic]" and that it had the "inherent power to prevent abuse of its process and prevent injustice." In light of prior actions filed by the plaintiff, the court enjoined the plaintiff from filing, without court permission, any future actions arising from the state litigation. The plaintiff filed this appeal from that portion of the order dismissing the underlying action.
 
 
 4
 For the reasons stated by the district court, we find no error in the dismissal of the plaintiff's action. We observe that Sec. 1983 cannot be used to gain review of an unfavorable state court decision properly rendered within the state court's jurisdiction and expertise. See Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 79, 88 L.Ed.2d 65 (1985); Tonti v. Petropoulous, 656 F.2d 212, 216 (6th Cir. 1981). We also note that state courts per se are not "persons" susceptible to suit under Sec. 1983. Coopersmith v. Supreme Court of Colorado, 465 F.2d 993 (10th Cir. 1972).
 
 
 5
 It is therefore ORDERED that the district court's order of November 13, 1985, dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation