806 F.2d 795
 Larry G. CALLAHAN, Appellee,
v.
Hon. Albert L. RENDLEN.
Hon. Lawrence O. Davis, Appellant.
Hon. Randolph E. Puchta, Hon. James F. McHenry, Linda L.
Roark and Donald K. Althauser.
 No. 86-1775.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1986.
Decided Dec. 4, 1986.
 
 Kevin Behrndt, Asst. Atty. Gen., Jefferson City, Mo., for appellant.
 Jeffrey S. Harrold, St. Charles, Mo., for appellee.
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 The Honorable Lawrence O. Davis, a Missouri Circuit Court Judge, appeals from the federal district court's order denying his motion for summary judgment in this 42 U.S.C. Sec. 1983 action. We reverse and remand with instructions to grant the motion for summary judgment.
 
 
 2
 Larry G. Callahan is a current inmate in the Missouri State Penitentiary. In August 1983 Callahan initiated a state postconviction proceeding under Missouri Rule of Criminal Procedure 27.26. After another judge disqualified himself, the Missouri Supreme Court appointed Judge Davis to preside over Callahan's postconviction proceeding.
 
 
 3
 In late 1984 Callahan filed this civil rights action in federal district court, seeking a speedy conclusion of the state court proceeding. After his state postconviction proceeding was set for trial, Callahan filed a motion with the state court requesting that Judge Davis recuse himself from further involvement in the state proceeding because Judge Davis was named as a defendant in this action.
 
 
 4
 Judge Davis denied the motion. An evidentiary hearing in the postconviction proceeding then was held. After reaching a decision but before filing the opinion, Judge Davis received information about the existence of Callahan's civil rights action. Because he had previously completed his decision, Judge Davis filed his opinion. He denied Callahan relief.
 
 
 5
 After Judge Davis' opinion was filed, Callahan amended his civil rights complaint to ask for monetary damages and equitable relief that would grant him a new hearing in his state postconviction proceeding. Callahan also appealed the postconviction decision to the Missouri Court of Appeals. That court affirmed Judge Davis' decision, holding Judge Davis properly refused to recuse himself. See Callahan v. State, 712 S.W.2d 25, 26-27 (Mo.Ct.App.1986).
 
 
 6
 Judge Davis argues the district court's order is appealable under the collateral order doctrine notwithstanding Callahan's claim for equitable relief. Judge Davis further contends he is immune from suit. We agree.
 
 
 7
 Initially, Judge Davis claims he can immediately appeal from the district court's order when (1) the essential facts are undisputed, and (2) the immunity issue is solely a question of law. See Evans v. Dillahunty, 711 F.2d 828, 830 (8th Cir.1983). We believe Judge Davis has satisfied both requirements here. The equitable relief requested by Callahan does not affect the appealability of the district court's order. The postconviction proceeding challenged by Callahan and over which Judge Davis presided has been affirmed by the Missouri Court of Appeals. See Callahan, 712 S.W.2d at 26-27. The federal district court has no jurisdiction under 42 U.S.C. Sec. 1983 to modify a final order of the state court. See Carbonell v. Louisiana Dep't of Health & Human Resources, 772 F.2d 185, 188 (5th Cir.1985); see also Harris v. Missouri Court of Appeals, 787 F.2d 427, 429 (8th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986). Thus, Callahan has no cognizable claim for equitable relief against Judge Davis.
 
 
 8
 Judicial immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. Sec. 1983. Harris, 787 F.2d at 429. With respect to Callahan's claim for money damages, Judge Davis is clearly entitled to judicial immunity from suit. In the district court Callahan stipulated that Judge Davis had subject matter jurisdiction over the state proceeding and acted throughout the proceeding in his judicial capacity. Because Callahan concedes these facts, Judge Davis is entitled to summary judgment as a matter of law. See Liles v. Reagan, 804 F.2d 493, 495 (8th Cir.1986); Smith v. Bacon, 699 F.2d 434, 436 (8th Cir.1983).