**Jo Ann COOK, Plaintiff,**

v.

**Mr. Randall WILLIAMS, Mr. Charles Goldberger, the Pine Bluff City Police, Mr. Robert Tolson and Mr. Henry Woods, Defendants.**

**No. LR–M–1074.**

United States District Court,
E.D. Arkansas, W.D.

Jan. 12, 1987.

---

**ORDER OF DISMISSAL**

ROY, District Judge.

■ The plaintiff in this matter is appearing *pro se,* and this Court granted plaintiff's request to proceed *in forma pauperis.* The Court has carefully reviewed the plaintiff's complaint and concludes that this is a case where it is appropriate for the Court to exercise its authority to dismiss the case *sua sponte* based upon the frivolous nature of the suit as well as lack of jurisdiction. Although *sua sponte* dismissals are not favored, they are authorized under 28 U.S.C. § 1915(d) if the Court is satisfied the action is frivolous. *Munz v. Parr,* 758 F.2d 1254 (8th Cir.1985); *Van Meter v. Morgan,* 518 F.2d 366 (8th Cir.1975), *cert. denied,* 423 U.S. 895, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). This may be done without requiring service on the defendants. *Munz,* 758 F.2d at 1258.

In plaintiff's complaint, she states as follows:

> The petitioner did apply for writ of certiorari, prohibition, mandamus, restraining order and declaratory judgment to the U.S. District Court the Eastern District of Arkansas on January 8, 1987, the same being denied by the presiding Judge Woods.

The present action was filed on the same day, soon after the Honorable Henry Woods dismissed the complaint for lack of jurisdiction. A review of the complaint filed in Judge Woods' Court indicates that the allegations in the present case are based upon the same incident, that is, that plaintiff received a traffic citation and was required to appear before State Judge Randall Williams. Upon appearing, Judge Williams ordered plaintiff committed to the Arkansas State Mental Hospital. All of plaintiff's allegations are based upon this same incident, and the fact that plaintiff dressed up the complaint by adding conclusory allegations does not change the fact that this matter should be pursued in the state courts. Furthermore, Judge Woods held a hearing on the matter, wherein plaintiff had the opportunity to present any additional allegations to persuade Judge Woods to retain jurisdiction and grant relief.

Finally, with respect to the naming of Judge Woods as a defendant, the only other mention of Judge Woods in the complaint besides the paragraph referred to above is where she states: "The petitioner asks for any and all other relief due to the action of Mr. Woods. 2,000,000." These are insufficient allegations to state a claim against Judge Woods. Furthermore, judicial immunity protects Judge Woods, since it appears that plaintiff is seeking money damages against him. *Callahan v. Rendlen*, 806 F.2d 795 (8th Cir.1986); *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978).

Based upon the foregoing, the Court hereby dismisses the Complaint.