Lindsay G. ARTHUR, Jr., et al., Plaintiffs,

v.

The SUPREME COURT OF IOWA, et al., Defendants.

Civ. A. No. 88–1340–B.

United States District Court,
S.D. Iowa,
C.D.

March 29, 1989.

158

Mark Bennett, Des Moines, Iowa, and Henry Monaghan, New York City, for plaintiffs.

Gordon E. Allen, Deputy Atty. Gen., Iowa Dept. of Human Services, Des Moines, Iowa, Elizabeth Osenbaugh, Mark

Hunacek, James Gritzner, Kasey W. Kincaid, Nyemaster Law Firm, Des Moines, Iowa, for defendants.

## MEMORANDUM OPINION, RULING GRANTING MOTION TO DISMISS AND ORDER

VIETOR, Chief Judge.

Plaintiffs are three Minnesota lawyers who want to be admitted to practice law in Iowa "on motion" under Iowa Supreme Court Rules 114 and 115. These rules permit an otherwise qualified non-resident lawyer who has practiced law elsewhere in the United States for at least five years to be admitted to practice law in Iowa without taking the state bar examination if he or she intends "to open an office for the practice of law in Iowa." Rules 114(a) and 115(4). The Iowa Supreme Court has construed the office requirement to mean "a place where an attorney practices, by being there personally a substantial and scheduled portion of time." *Matter of Arthur*, 415 N.W.2d 168, 170 (Iowa 1987).[1]

Plaintiffs sue The Iowa Supreme Court and all of its justices, individually and in their official capacities as justices of the court. Plaintiffs allege in their complaint that Iowa Supreme Court Rules 114(a) and 115(4) impermissibly discriminate against nonresident applicants and are unconstitutional, in violation of the privileges and immunities clause, U.S. Const. art. IV, § 2; the commerce clause, U.S. Const. art. I, § 8, cl. 3; and the equal protection and due process clauses of the fourteenth amendment, U.S. Const. amend. XIV. Plaintiffs base their complaint on 42 U.S.C. § 1983. Defendants have moved to dismiss plaintiffs' complaint on various grounds, and that motion is now submitted for ruling.

## DEFENDANT IOWA SUPREME COURT

■ Defendant The Supreme Court of Iowa invokes sovereign immunity under the Eleventh Amendment to the United States Constitution. I agree that the de-fendant court is immune under the Eleventh Amendment from this suit. *Midfelt v. Circuit Court of Jackson County*, 827 F.2d 343, 345 (8th Cir.1987); *Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986).

■ Furthermore, Section 1983 affords a remedy only against *persons* who act under color of state law to deprive others of their federal rights. State courts are not persons and, therefore, are not subject to suit under Section 1983. *E.g., Harris*, 787 F.2d at 429 ("A court is not a 'person' within the meaning of the Civil Rights Act."); *Coopersmith v. Supreme Court*, 465 F.2d 993, 994 (10th Cir.1972) (per curiam); *Zuckerman v. Appellate Division*, 421 F.2d 625, 626 (2nd Cir.1970).

Plaintiffs' suit is barred against defendant The Supreme Court of Iowa.

## PLAINTIFF ARTHUR

Plaintiff Lindsey Arthur, a lawyer who resides in Minnesota, applied for admission to the Iowa bar on motion, pursuant to Iowa Supreme Court Rules 114 and 115. At the time of his application, Arthur was licensed to practice law in Minnesota and Wisconsin and he met the time of practice and character requirements of the Iowa Supreme Court Rules. On September 12, 1986, the Iowa Supreme Court denied Arthur's application because he "had not demonstrated a bona fide intention to open an office for the practice of law in Iowa," as required by Rules 114(a) and 115(4). *Arthur*, 415 N.W.2d 168 at 169. Subsequently, the court agreed to reconsider Arthur's application and it received briefs and heard oral argument on the issue.

Arthur claimed that he had demonstrated a bona fide intention to open an office for the practice of law in Iowa. *Arthur*, 415 N.W.2d at 169. He also claimed that the office requirement violated the privileges and immunities clause, U.S. Const. art. IV,

---

**1.** A non-resident lawyer may also be admitted to practice law in Iowa by passing the state bar examination if he or she intends "to practice law in Iowa." Supreme Court Rule 105. There is no requirement that a non-resident lawyer admitted on examination maintain an office in Iowa.

§ 2. *Id.* The Iowa Supreme Court, after construing the rules to mean an office where the lawyer would personally be a substantial and scheduled portion of time, found that Arthur had not satisfied the office requirement and denied his application. *Id.* at 170. Additionally, the court considered but rejected Arthur's constitutional challenge to the Rules. *Id.* Arthur did not seek review by the United States Supreme Court under 28 U.S.C. § 1257.

Subsequently, Arthur brought this suit in which he again challenges the constitutionality of Iowa Supreme Court Rules 114(a) and 115(4). Two other Minnesota lawyers, John Chapman and Warren Plunkett, have joined with Arthur as plaintiffs. Because the factual and procedural situations of Chapman and Plunkett differ materially from Arthur's situation, the motion to dismiss as it relates to them will be considered separately from the motion as it relates to Arthur.

### A. *Collateral Attack*

Defendants contend that Arthur brought this civil rights action in an attempt to collaterally attack the Iowa Supreme Court's decision in *Arthur.* Therefore, defendants argue, this court lacks subject matter jurisdiction over Arthur's complaint.

■ Litigants may not obtain review of state court actions by filing complaints, relating to those actions, in the federal district courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1924); *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir.1986). This doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 484–86, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983). Furthermore, this principle has not been limited to actions which directly seek review of a state court decision, but has been extended to actions in which "the constitutional claims presented [in the federal court] are inextricably intertwined with the state court's" grant or denial of relief. *Feldman,* 460

U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. *See Harris,* 787 F.2d at 429; *Michaelis v. Nebraska State Bar Ass'n,* 717 F.2d 437, 439 (8th Cir.1983); *Worldwide Church of God v. McNair,* 805 F.2d 888, 891–92 (9th Cir.1986).

"[T]he District Court is in essence being called upon to review the state court decision." *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. As courts of original jurisdiction, the United States District Courts, have no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court. *Feldman,* 460 U.S. at 476, 103 S.Ct. at 1311. *See Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed. 2d 234 (1970) (lower federal courts may not sit in review of state courts' decisions).

■ A review of the complaint reveals that Arthur's Section 1983 action is inextricably intertwined with the state court's decision in *Arthur.* An analysis of the constitutionality of Iowa Supreme Court Rules 114(a) and 115(4) would involve an examination of those rules as interpreted in *Arthur.* Additionally, the Iowa Supreme Court considered and rejected Arthur's constitutional attack on the rules. *Arthur,* 415 N.W.2d at 170–72. Furthermore, the remedy that Arthur seeks could affect the holding of *Arthur.* Because the court could not evaluate Arthur's constitutional claims without conducting a review of the state court's decision, this court lacks subject matter jurisdiction over Arthur's claims. *See Feldman,* 460 U.S. at 462, 103 S.Ct. at 1303; *McNair,* 805 F.2d at 892–93.

### B. *Preclusion Doctrines* [2]

■ A federal district court does have subject matter jurisdiction over a "general" constitutional challenge to a state supreme court rule, provided that the challenge does not require review of a final state court

---

**2.** Claim and issue preclusion are used to refer to the concepts of res judicata and collateral estop-

pel, respectively.

decision in a particular case. *See Feldman*, 460 U.S. at 482–86 & n. 16, 103 S.Ct. at 1314–16 & n. 16. The distinction between a permissible general constitutional challenge and an impermissible review of a state court determination may be subtle and difficult to determine. *See Feldman*, 460 U.S. at 485, 103 S.Ct. at 1316 (quoting *Doe v. Pringle*, 550 F.2d 596, 597 (10th Cir.1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977)).

■ Even though I have concluded that Arthur's allegations are inextricably intertwined with the Iowa Supreme Court's decision in *Arthur*, to the extent that Arthur's claims may constitute a permissible "general" constitutional attack on the Iowa Supreme Court Rules this court has subject matter jurisdiction. *See Feldman*, 460 U.S. at 487, 103 S.Ct. at 1317. The doctrines of issue and claim preclusion, however, foreclose litigation of Arthur's claims.[3]

■ A prior state court determination of an issue raised in a subsequent Section 1983 action brought in federal court will be binding if state issue preclusion principles would preclude relitigation of the issue in state court. *Allen v. McCurry*, 449 U.S. 90, 96–99, 101 S.Ct. 411, 415–17, 66 L.Ed.2d 308 (1980);[4] *Yancy v. McDevitt*, 802 F.2d 1025, 1027 (8th Cir.1986). Furthermore, the preclusive effect will extend to issues which were not raised but could have been raised in the state proceeding, assuming that the state rules of issue and claim preclusion so provide. *Migra v. Warren City School District*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Robbins v. Iowa*

*District Court*, 592 F.2d 1015, 1017 (8th Cir.), *cert. denied*, 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979). In the state court proceeding, Arthur raised only a challenge under the privleges and immunities clause, U.S. Const. art. IV, § 2. Plaintiffs' counsel concedes that to the extent Arthur is barred by the preclusion doctrines on his privileges and immunities clause claim, his other Section 1983 claims are also barred. *Plaintiffs' Memorandum of Law in Resistance to Defendants' Motion To Dismiss*, at 15 n. 9.

The doctrines of issue and claim preclusion, as applied in Iowa, bar Arthur's Section 1983 action. *See Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

### PLAINTIFFS CHAPMAN AND PLUNKETT

Plaintiff John T. Chapman is a lawyer admitted to the practice of law in Minnesota and Wisconsin. Plaintiff Warren Plunkett is a lawyer admitted to the practice of law in Minnesota. Both Chapman and Plunkett reside outside the state of Iowa. Unlike Arthur, neither Chapman nor Plunkett has applied for admission to the Iowa bar.

Chapman and Plunkett claim that they desire to apply for admission to the Iowa bar on motion, but are deterred from applying because of the Iowa Supreme Court's opinion in *Arthur*. Defendants contend that because Chapman and Plunkett have not applied for admission they lack stand-

---

**3.** Federal courts have considered whether the res judicata requirement of full and fair opportunity to litigate and the *Feldman* "inextricably intertwined" barrier should be considered as two sides of the same coin. *See Robinson v. Ariyoshi*, 753 F.2d 1468, 1471–72 (9th Cir.1985) (federal court has no jurisdiction over federal constitutional issues if consideration would require a review of the allegations underlying the state judicial decision), *vacated on other grounds*, 477 U.S. 902, 106 S.Ct. 3269, 91 L.Ed.2d 560 (1986); *Worldwide Church of God v. McNair*, 805 F.2d 888, 892 (9th Cir.1986). This court does not decide that question, but analyzes plaintiff Arthur's situation under both doctrines.

**4.** [N]othing in the language of § 1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. § 1738.... Section 1983 creates a new federal cause of action. It says nothing about the preclusive effect of state-court judgments.

Moreover, the legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion....

*McCurry*, 449 U.S. at 97–99, 101 S.Ct. at 416–17.

ing and their claims are not ripe for resolution. Because I conclude that Chapman and Plunkett have not presented a justiciable case or controversy, the complaint, as it relates to them, must be dismissed.

 The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975).[5] Federal plaintiffs " 'must allege some threatened or actual injury resulting from the putatively illegal action.' " *O'Shea v. Littleton,* 414 U.S. 488, 493, 94 S.Ct. 669, 674–75, 38 L.Ed.2d 674 (1974), quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). Abstract or hypothetical injury is not sufficient. Plaintiffs must allege that they "have sustained or [are] immediately in danger of sustaining some direct injury" as a result of the challenged statute or official conduct. *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923). The injury or threat of injury must be both "real and immediate" not "conjectural" nor "hypothetical." *E.g., Golden v. Zwickler,* 394 U.S. 103, 109–110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969).

Chapman and Plunkett do not demonstrate in their complaint that they have suffered a real and immediate injury or threat of injury. They merely contend that they are deterred from applying for admission to the Iowa Bar on motion because of the Iowa Supreme Court's decision in *Arthur.* Not only have their applications not been denied, they have not even applied for admission. Iowa Supreme Court Rules 114 and 115 are applied on an individual basis, according to the particular factual situation of each applicant. At this procedural stage, this court can only speculate as to the *possible* outcome *if* Chapman and Plunkett were to apply for admission. This is not a case where plaintiffs suffer from the threat of prosecution or penalty, which was the basis for standing in the cases on which plaintiffs rely. Because Chapman and Plunkett have not presented this court with a justiciable claim (case or controversy), this court lacks jurisdiction of their claim.

## RULING AND ORDER

Defendants' motion to dismiss is granted and IT IS ORDERED that plaintiffs' complaint be dismissed.

---

5. As the United States Supreme Court stated, a federal court has neither the power to render advisory opinions nor to "decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). A federal court's judgment must decide " 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *Id.,* quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).