**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————————

WILLIAM JAMES PRICE,

    Plaintiff - Appellant,

v.

TULSA COUNTY COURT,

    Defendant - Appellee.

No. 25-5116
(D.C. No. 4:25-CV-00235-JFH-JFJ)
(N.D. Okla.)

———————————————————

## ORDER AND JUDGMENT[*]
———————————————————

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
———————————————————

William Price, a state prisoner proceeding pro se, appeals the district court's

order dismissing his 42 U.S.C. § 1983 complaint.[1] We affirm because Price has

waived any challenge to the district court's rulings by failing to advance any

arguments in his appellate brief.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Price's pro se brief and complaint, but we will not act as his advocate or construct arguments on his behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Price filed his § 1983 complaint in May 2025. *See* § 1983 ("Every person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."). He alleged that he was arrested in 2018 on rape charges that were later dismissed, asserted claims for defamation and false arrest against Tulsa County Court, and sought $80,000 in damages. The district court reviewed Price's complaint under 28 U.S.C. § 1915A, which directs courts to screen prisoner complaints seeking relief from a governmental entity. The statute mandates dismissal of any portion of such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

At the outset, the district court noted that Price's claims failed on immunity grounds because he sought monetary relief from the Tulsa County Court, which is an arm of the state entitled to Eleventh Amendment immunity and not subject to liability under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[T]he [s]tate and arms of the [s]tate, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); *Coopersmith v. Sup. Ct.*, 465 F.2d 993, 993–94 (10th Cir. 1972) (concluding that Colorado state courts were not "persons" subject to liability under § 1983).

Additionally, the district court concluded that Price failed to state any plausible claims. First, it noted that defamation claims can't be brought under § 1983 because defamation is a state-law tort and not a right secured by the Constitution or

2

federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ."). Second, it concluded that Price failed to state a claim for false arrest because he nowhere alleged that he was arrested without probable cause and because he named only Tulsa County Court as a defendant, not the arresting officer or officers.[2] *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) ("In the context of a false[-]arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime."). Thus, the district court dismissed Price's complaint without prejudice under § 1915A(b).

On appeal, Price fails to challenge any of the district court's rulings. The single page of his appellate brief containing any attempt at argument merely asks us to apply the law of "malicious tort" and grant him $1.5 million. Aplt. Br. 4. He fails to cite any legal authority, the record, or any part of his complaint. *Cf.* Fed. R. App. P. 28(a)(8)(A) (noting that appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on

---

[2] The district court further noted that because Price's false-arrest claim stemmed from a 2018 arrest, it was likely untimely under the applicable two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment . . . begins to run at the time the claimant becomes detained pursuant to legal process."); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557–58 (10th Cir. 1999) (noting that "[s]tate statutes of limitations applicable to general personal[-]injury claims supply the limitations periods for § 1983 claims," and that, in Oklahoma, that statute of limitations is two years).

which the appellant relies"). And he nowhere explains why the district court's decision was wrong. *See Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). Price has therefore waived any challenge to the district court's order. *See id.* at 1368–69 (finding waiver because appellant's "opening brief contains nary a word to challenge the basis of the dismissal"); *Garrett*, 425 F.3d at 841 (explaining that even pro se litigants can waive appellate review through inadequate briefing).

We accordingly affirm the dismissal of Price's complaint. *See Nixon*, 784 F.3d at 1369; *Garrett*, 425 F.3d at 841. As a final matter, we grant Price's motion to proceed in forma pauperis and remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Nancy L. Moritz
Circuit Judge